**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

Chambers of
Douglas R. Miller
United States Magistrate Judge



101 West Lombard Street
Baltimore, Maryland 21201
MDD_DRMChambers@mdd.uscourts.gov
(410) 962-7770

April 6, 2026

Re:   *Brittany Carmel Wilson v. Frank Bisignano, Commissioner of the Social*
      *Security Administration,* Civil No. 8:25-cv-03175-DRM

## **<u>LETTER ORDER</u>**

Dear Plaintiff and Counsel:

On March 24, 2026, Defendant filed a Motion for Extension of Time to File Commissioner's Brief, ECF No. 18, which I granted via paperless order, ECF No. 19. Plaintiff subsequently filed two documents: Objection and Request to Dismiss Defendant Motion for Time Extension, ECF No. 20, and [Motion for] Order of Default, ECF No. 21.

I construe ECF No. 20 as a motion for reconsideration of my paperless order, ECF No. 19. At core, Plaintiff raises three arguments, which I will summarize and address. Plaintiff first argues that Defendant's stated reason for the extension: "undersigned counsel is unable to file the Commissioner's Brief in this case by the current deadline of March 24, 2026," is not good cause because the parties have been on notice of the deadline since November of 2025. However, the Court routinely grants reasonable extensions in Social Security actions, all of which have the same 120-day interval between the filing of the Answer (the transcript of record) and the initial due date for the Commissioner's Brief. *See* Amended Standing Order 2022-04 (D. Md. July 25, 2024). Defendant's request for a 30-day extension, when Defendant had not received any prior extensions in this case, was well within the norm.

Plaintiff next argues that granting Defendant an extension would be unfair to Plaintiff— both because she complied with the deadline for her Plaintiff's Brief and because of her allegedly unfair treatment by the Social Security Administration in the past. However, I would undoubtedly have granted Plaintiff a similar extension of the due date for her brief, had she filed a motion stating that she was unable to complete it by the original due date. The question of whether the Social Security Administration has erred in denying Plaintiff benefits is the ultimate issue in this case, to be resolved by me only after full briefing by the parties. I cannot make a finding about that ultimate issue on the basis of the parties' briefing regarding the motion for extension, nor can I conclude that denying Defendant's motion for extension is an

available and appropriate remedy for any alleged unfair conduct by Defendant during its consideration of Plaintiff's application for benefits.

Finally, Plaintiff argues that Defendant did not comply with Local Rule 105.9 ("Motions for Extension of Time"), which requires that "[w]here counsel deems it reasonably practicable, counsel . . . shall try to obtain the consent of an unrepresented party." Here, although Defendant represented that "undersigned counsel determined that it was not reasonably practicable to obtain the consent of Plaintiff to this Motion in a timely fashion," he did not provide a reason for this determination. I note that Plaintiff's telephone number is listed on the ECF docket for this case, so it would not have been difficult for Defendant to at least attempt to reach the Plaintiff and recount that attempt in the motion.  ECF No. 18 at 1. Nonetheless, I find that any prejudice from this failure to consult with Plaintiff has been extinguished, because Plaintiff has subsequently presented her opposition to the extension, and I have considered it. Said another way, had Plaintiff been afforded time to file an opposition to Defendant's motion, raising the same arguments as she raises in ECF No. 20, I would still have granted the requested extension.

For the foregoing reasons, ECF No. 20, construed as a motion for reconsideration of ECF No. 19, is DENIED. Because I am leaving in place my ruling extending the deadline for the Commissioner's Brief, I cannot find Defendant is in default for not filing a brief by the original deadline. Therefore, ECF No. 21 is also DENIED.

Defendant is advised, however, that in seeking any further extensions he should allow sufficient time to consult with Plaintiff, and Defendant should not assume that Plaintiff will consent. Unless Plaintiff consents, Defendant should set forth specific reasons for being unable to meet the deadline.

Notwithstanding the informal nature of this letter, it will constitute an Order of the Court and should be docketed accordingly.

Sincerely,

_____/s/_____
Douglas R. Miller
United States Magistrate Judge
District of Maryland

2